UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROBERT JAMES MORGAN,

        Plaintiff,                Case No. 1:17-cv-0206

v.                                       Honorable Gordon J. Quist

GEORGE JOHNSON et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Russell and Buskirk. The Court will serve the complaint against Defendants Johnson, Aiken, Papendick, Lindout, Mindlin, and Harbaugh.

**Discussion**

I.        <u>Factual allegations</u>

Plaintiff Robert James Morgan is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility in Kincheloe, Michigan. The incidents of which he complains, however, occurred when Plaintiff was at Bellamy Creek Correctional Facility in Ionia, Michigan.

During May of 2015, Plaintiff tore his bicep tendon and ligaments in an accident. He claims that Defendants have failed to treat him. Specifically, Plaintiff contends that Defendants refused to provide him surgery to repair the damage caused by the accident. As a result, Plaintiff suffers constant pain, lack of mobility, and loss of strength.

Plaintiff is suing Bellamy Creek Correctional Facility healthcare providers Dr. George Johnson and nurses S. Aiken, and Andrea Lindout; Duane L. Waters Health Center doctors Keith Papendick and Lyle Mindlin; and MDOC Bureau of Healthcare Services nurse R. Harbaugh. Plaintiff contends that each of these Defendants participated in the failure to treat his injury.

Plaintiff also sues Bellamy Creek Housing Unit Manager Sue Buskirk and MDOC Legal Affairs Grievance Manager Richard Russell. Plaintiff does not allege that Defendants Buskirk and Russell denied him care. Instead he alleges that their review of his disputes regarding healthcare (presumably grievances against the healthcare personnel) were not satisfactory.

II.        <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more

than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's allegations are sketchy. Nonetheless, construed liberally, Plaintiff alleges that Defendants Johnson, Aiken, Papendick, Lindout, Mindlin, and Harbaugh, as healthcare providers, were deliberately indifferent to the serious medical need arising from Plaintiff accidental

injury during May of 2015. Plaintiff's allegations suffice to state a claim against Defendants Johnson, Aiken, Papendick, Lindout, Mindlin, and Harbaugh for violation of the Eighth Amendment.

Plaintiff fails to make specific factual allegations against Defendants Buskirk and Russell, other than to suggest that their response was insufficient to his complaints regarding the healthcare provided (or not provided) by the other Defendants.

A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Notwithstanding his allegations that Defendants Buskirk and Russell did not "attempt[] to help . . . [or] do[ their] job to the fullest" (Compl., ECF No. 1, PageID.4), his allegations suggest only that Defendants did not intervene in response to Plaintiff's complaints. Such allegations are insufficient to support a conclusion that Defendants engaged in active

unconstitutional behavior. Accordingly, Plaintiff fails to state a claim against Defendants Buskirk and Russell based on their failures to respond to Plaintiff's complaints.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Buskirk and Russell will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Johnson, Aiken, Papendick, Lindout, Mindlin, and Harbaugh.

An Order consistent with this Opinion will be entered.

Dated: April 14, 2017 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE