# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

ROBERT MORGAN, #596132

    Plaintiff,

v.

JOHNSON et al.

    Defendants.

Case No: 1:17-cv-00206
District Judge: Gordon J. Quist
Magistrate Judge: Ray Kent

| | |
|---|---|
| ROBERT MORGAN, #596132<br>Chippewa Correctional Facility<br>4269 W. M-80<br>Kincheloe, MI 49784<br>*Pro Se Plaintiff*<br><br>Michigan Dept. of Attorney General<br>Joseph Y. Ho (P77390)<br>Attorneys for MDOC Defendants<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434<br>hoj@michigan.gov | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M. (P37603)<br>Carly Van Thomme (P59706)<br>Attorneys for Defendants Keith Papendick, M.D.,<br>Andrea Lindhout, N.P., and George Johnson, P.A.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>cvanthomme@chapmanlawgroup.com |

## AFFIDAVIT OF KEITH PAPENDICK, M.D.

STATE OF MICHIGAN      )
                                    )ss
COUNTY OF INGHAM       )

    I, KEITH PAPENDICK, M.D., first being duly sworn on oath, state that if I were called to testify as a witness in this matter, I would testify to the following facts based upon my personal knowledge and review of Robert Morgan's Michigan Department of Corrections medical chart:

1. On all dates relevant to Plaintiff's Complaint, I was a physician licensed in the State of Michigan.

2. I was the Outpatient Utilization Manager Medical Director during the time period relevant to this case.

3. As the Outpatient Utilization Manager Medical Director, I am not involved in the day-to-day medical care of inmates. My involvement with patient care includes evaluation of requests for medical services and consultations that cannot be provided onsite at the correctional facility.

4. In making recommendations, I review a provider's Consultation Request and the patient's relevant medical records. Based on my review of the patient's medical presentation and in the exercise of my informed medical judgment, I make recommendations regarding the appropriate course of treatment, which may be approving the treatment requested or recommending an alternative treatment plan.

5. If a provider disagrees with my recommendation, there is an appeals process which involves further discussion with me, the Regional Medical Director, and the State Medical Director. If the provider is still dissatisfied, he or she can discuss further treatment options with the MDOC.

6. I became involved with Mr. Morgan's care on April 22, 2015. His primary provider ordered an ultrasound for a suspected ruptured tendon in his bicep. I reviewed the request and approved it the same day it was requested.

7. On May 6, 2015, Mr. Morgan's primary provider requested a consultation with an orthopedics specialist. I reviewed the request and recommended an alternative treatment plan, which consisted of conservative treatment per UpToDate guidelines.

8. Mr. Morgan saw his primary provider on September 23, 2015, regarding his tendon rupture, for which he recommended physical therapy. The next day, I approved one visit at Duane Waters Hospital for physical therapy for evaluation, development, and training for a home exercise program directed towards the patient's symptoms.

9. My involvement with Mr. Morgan's care as it relates to the allegations in his Complaint is limited to the issues set forth in this affidavit. The matters stated in this Affidavit are based on my personal knowledge and review of the Michigan Department of Correction's medical records during the relevant time period.

10. I do not believe that I, in any way, acted with deliberate indifference in Mr. Morgan's case, as I treated him in a manner that I, in my medical judgment, feel was appropriate.

Further affiant sayeth not.

*Keith L Papendick*
KEITH PAPENDICK, M.D.

Subscribed and sworn to before me
This ____ day of November, 2017.

_____
Notary Public, State of Michigan
County of _____
My Commission Expires: _____
Acting in the County of _____