UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JAMES MORGAN,

        Plaintiff,

v.

GOERGE JOHNSON, *et al.*,

        Defendants.
                                            /

Case No. 1:17-cv-206

Hon. Gordon J. Quist

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought by a prisoner in the custody of the Michigan Department of Corrections (MDOC). This matter is now before the Court on defendants Harbaugh and Aiken's motion for summary judgment on the basis of exhaustion (ECF No. 22) and defendants George Johnson, Keith Papendick, and Andrea Lindhout's motion to dismiss (ECF No. 25).[1]

### I.    Background

Plaintiff is currently incarcerated at the Chippewa Correctional Facility (URF). However, this action involves incidents which occurred at the Bellamy Creek Correctional Facility (IBC). Plaintiff has named the following defendants: Goerge [George] Johnson (primary care physician); Sue Buskirk (housing unit manager); Dr. Keith Papendick; Lyle Mindlin; RN R.

---

[1] The Court notes that defendant Johnson is listed on the docket sheet as "Goerge Johnson" and that defendant Andrea Lindhout is listed as "Lindout."

Harbaugh; and Richard Russell (Manager, Grievance Section Office of Legal Affairs).  Compl. (ECF No. 1, PageID.2-3).

>Plaintiff's complaint stated the following claim (in his words):

>In the beging days of May 2015 I tore my bicep tendon and ligiments in an accident.  This was confirmed by several doctors and technicians wich my medical documents state clearly.  Due to lack of treatment, mainly a surgery to repare dameges that will not heal otherwise my arm is in constant pain, lack of mobility, and little strength.  This has affected everyday duties and caused mental distress.  Each defendant has spoke directly with me or has reviewed my medicl records.  S. Aiken is a nurse that addressed my arm.  Andrea lindout is R.N. that allso saw me for injury.  George Johnson is the doctor that saw me for injury.  Sue Buskirk spoke with me about my descrepince with medical service.  Lyle Mindlin was my ultra sound Doctor for arm.  Keith Papendick was my orthopedic doctor for arm.  R. Harbaugh is my RN that reviewed case a Bureau of Health Care Service.  Richard Russell managed legal affairs for my Grievance on Health Care.  None of these people did due dilagents or attempted to Help aide me/due job to the fullest.

Compl. at PageID.4.  The Court dismissed defendants Buskirk and Russell on initial screening. Opinion (ECF No. 7); Order (ECF No. 8).  The Court construed the rest of the paragraph as stating a cause of action for deliberate indifference to a serious medical need in violation of plaintiff's Eighth Amendment rights and allowed the claim to proceed against the remaining defendants.  *Id.*

## II.    Defendant Johnson, Lindhout, and Papendick's motion to dismiss

These three medical providers have moved to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiff's cryptic recitation of facts failed to state an Eighth Amendment claim that is plausible on its face.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted).    However, the Court has already applied the *Iqbal* plausibility standard and concluded that although "[p]laintiff's allegations are sketchy" they were sufficient to state a cause

of action.  *See* Opinion (ECF No. 7, PageID.33-36).  Accordingly, plaintiff's motion to dismiss (ECF No. 25) should be denied.

### III.    Defendant Harbaugh and Aiken's motion for summary judgment

### A.    Legal standard

Defendant Harbaugh and Aiken have moved for summary judgment based on lack of exhaustion.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving

3

party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  However, the Court is not bound to blindly adopt a non-moving party's version of the facts.  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### B.      Failure to Exhaust

#### 1.      Exhaustion requirement

The PLRA provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court.  This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules.  *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

#### 2.      MDOC Grievance process

The MDOC requires prisoners to follow a three-step process to exhaust grievances. *See* Policy Directive 03.02.130 (effective July 9, 2007). A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after the grievant attempted to resolve the issue with appropriate staff. *Id.* at ¶¶ P and R. The Policy Directive provides the following directions for completing grievance forms:

> The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id.* at ¶ R (emphasis in original). The prisoner must send the Step I grievance to the appropriate grievance coordinator. *Id.* at ¶ V. If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he must request the appropriate form and send it to the Step II Grievance Coordinator. *Id.* at ¶ BB. Finally, if a prisoner is dissatisfied with the Step II response, or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section. *Id.* at ¶ FF.

3. **Discussion**

Defendants Harbaugh and Aiken have identified one grievance which plaintiff pursued through Step III prior to filing this lawsuit, IBC 2016-05-1277-12d3 ("1277"). *See* Step III Grievance Report (ECF No. 23-3, PageID.112); Grievance 1277 (ECF No. 23-3, PageID.113-117). Grievance 1277 stated (in plaintiff's words):

> On 5-25-16 I was seen by health care for major pain in my left bicept from an injury that requires surgery to repair. I was told there isn't anything that can be done due to the fact that the decision to perform surgery was delayed and the window period has expired and there isn't anything that can be done to fix my injury.

5

Grievance 1277, Step I at PageID.116.

Defendants seek summary judgment because the grievance failed to properly exhaust any claims against them, i.e, the grievance was untimely and failed to name the parties grieved. Defendants' argument is without merit. Although plaintiff complained of treatment for an injury that occurred about one year before he filed the grievance, and plaintiff did not name anyone in the grievance, the MDOC did not reject the grievance as either untimely or for failing to name the party grieved. Rather, the MDOC waived these procedural requirements and performed a rather extensive investigation into the grievance, noting that the injury "occurred over 1 year ago," that plaintiff has been evaluated by the medical provider multiple times since that date, that plaintiff was referred to physical therapy, and ultimately concluding that "the treatment he desires is not medically indicated at this time." *See* Grievance 1277 at PageID.113-117.

Based on this record, the MDOC's grievance process served its intended purpose in this case. "The point of the PLRA exhaustion requirement is to allow prison officials a fair opportunity to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (internal quotation marks omitted). When plaintiff filed his grievance, the MDOC waived or declined to enforce its procedural requirements and simply addressed the merits of his grievance. "When prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). Accordingly, defendants' motion for summary judgment for lack of exhaustion (ECF No. 22) should be denied.

### IV. Recommendation

For these reasons, I respectfully recommend that defendant Johnson, Papendick, and Lindhout's motion to dismiss (ECF No. 25) and defendant Harbaugh and Aiken's motion for summary judgment (ECF No. 22) both be **DENIED**.


Dated:  February 26, 2018                                      /s/ Ray Kent
                                                               United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).