UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

ROBERT MORGAN #596132,

    Plaintiff,

v

GEORGE JOHNSON, SUE BUSKIRK, SUBRINA AIKEN, KEITH PAPENDICK, ANDREA LINDHOUT, LYLE MINDLIN, RICHARD HARBAUGH, and RICHARD RUSSELL,

    Defendants.

NO. 1:17-cv-206

HON. GORDON J. QUIST

MAG. RAY KENT

**BRIEF IN SUPPORT OF MDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

Robert Morgan #596132
*In Pro Per*
Chippewa Correctional Facility
4269 W. M-80
Kincheloe, MI 49784

Kristen D. Simmons (P76293)
Assistant Attorney General
Attorney for MDOC Defendants
Michigan Department of Attorney General
Civil Litigation, Employment &
 Elections Division
P.O. Box 30736
Lansing, MI  48909
(517) 373-6434

CHAPMAN LAW GROUP
Ronald W. Chapman (P37603)
Carly Van Thomme (P59706)
Attorney for Defendants Dr. Papendick,
 Dr. Johnson, and NP Lindhout
1441 West Long Lake Road, Suite 310
Troy, MI  48098
(248) 644-6326

    /

Bill Schuette
Attorney General

Kristen D. Simmons (P76293)
Assistant Attorney General
Attorneys for MDOC Defendants
Civil Litigation, Employment &
 Elections Division
P.O. Box 30736
Lansing, MI  48909
(517) 373-6434
simmonsk5@michigan.gov
P76293

Date:  July 11, 2018

## CONCISE STATEMENT OF THE ISSUES PRESENTED

I.  **A Plaintiff must make a clear showing that each named Defendant was personally involved in the activity that forms the basis of the complaint. Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." Plaintiff has not sufficiently alleged personal involvement of Defendants Aiken or Harbaugh. Should Plaintiff's claims against these Defendants be dismissed?**

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

A.  **Lack of Personal Involvement**

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *Baker v. McCollan,* 443 U.S. 137 (1989). A plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Rizzo v. Goode*, 423 U.S. 362 (1976); *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir.), *cert. denied,* 469 U.S. 845 (1984).

## STATEMENT OF FACTS

Plaintiff, Robert Morgan, is a *pro se* prisoner who is currently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF), Kincheloe, Michigan. Plaintiff's Complaint is filed under 42 U.S.C. § 1983 and alleges failure-to-treat claims concerning an arm injury he sustained in May 2015. Morgan's claims arise out of the Bellamy Creek Correctional Facility (IBC), in Ionia, Michigan. Plaintiff alleges that MDOC Defendants Subrina Aiken and Richard Harbaugh violated his civil rights, alleging violations of the Eighth Amendment of the United States Constitution.

## ARGUMENTS

**I.  A plaintiff must make a clear showing that each named Defendant was personally involved in the activity that forms the basis of the complaint. Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." Plaintiff has not sufficiently alleged personal involvement of Defendants Aiken or Harbaugh to impose liability against them under 42 U.S.C. § 1983.**

To state of claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). A plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Rizzo v. Goode,* 423 U.S. 362 (1976); *Copeland v. Machulis,* 57 F.3d 476, 481 (6th Cir. 1995).

MDOC Defendants are cognizant of the well-settled maxim that *pro se* complaints are held to a "less stringent standard" than those drafted by attorneys.

1

*Haines v. Kerner,* 404 U.S. 519 (1972). But even under the less stringent standard allowed for *pro se* complaints, the complaint must allege facts sufficient to show that a legal wrong has been committed and that it was committed by the named defendants. Conclusory, unsupported allegations of constitutional deprivation do not state a claim. *Ana Leon T v. Federal Reserve Bank,* 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987); *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir. 1986).

Allegations premised on respondeat superior liability are foreclosed in § 1983 actions. *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S. 845 (1984). A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber,* 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.* at 899; *Summers v. Leis,* 368 F.3d 881, 888 (6th Cir. 2004).

In *Bellamy,* 729 F.2d at 421 (citing *Hays v. Jefferson County,* 668 F.2d 869, 872-74 (6th Cir. 1982)), the Sixth Circuit stated that in order to impose liability on supervisory personnel, a plaintiff must show more than having brought offending conduct to the attention of supervisory officials:

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved and knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

A supervisory official's awareness after the fact of alleged illegal conduct does not provide a basis for imposition of damages under 42 U.S.C. § 1983. *Weaver v.*

2

*Toombs,* 756 F. Supp. 335, 337 (W.D. Mich. 1989).  Merely being aware of a prisoner's complaint and failing to take corrective action is insufficient to impose liability on supervisory personnel under § 1983.  *Poe v. Haydon,* 853 F.2d 418, 429 (6th Cir. 1988), *cert. denied,* 488 U.S. 1007 (1989).  Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act."  *Shehee v. Lutrell,* 199 F.3d 295, 300 (6th Cir. 1999) (citing *Salehpour v. University. of Tenn.,* 159 F.3d 199, 206 (6th Cir. 1998), *cert. denied,* 119 S. Ct. 1763 (1999)).  Furthermore, the mere denial of an administrative grievance does not amount to active unconstitutional behavior.  *Shehee,* 199 F.3d at 300.

"Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  The Court also held that legal conclusions disguised as factual allegations are not sufficient to withstand a motion to dismiss.  *Id.* at 678.

The Court then examined a portion of the allegations: "Respondent pleads that petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.'"  *Id.* at 680.  The respondent alleged that one petitioner "was the 'principal architect' of this invidious policy" and that another "was 'instrumental' in adopting and executing it."  *Id.* at 680-81.

These bare assertions were insufficient to state a claim.  *Id.* at 681.  Because the complaint did "not contain any factual allegation sufficient to plausibly suggest

3

petitioners' discriminatory state of mind", respondent was not entitled to relief. *Id*. at 683-84.

In this case, Plaintiff is suing Defendant Aiken alleging that she was the nurse who addressed his arm when he reported his injury to healthcare. Plaintiff also alleges that Defendant Harbaugh was his RN that reviewed his case at the Bureau of Health Care Services. (ECF. No. 1, PageID.4). Plaintiff is wholly mistaken about his claims.

Subrina Aiken has never addressed, treated, or provided any medical care to Plaintiff. Subrina Aiken is employed as a Clinical Administrative Assistant (CAA). Defendant Richard Harbaugh is employed as the Clinical Assistant to the Chief Medical Officer (CMO) for the Bureau of Health Care Services (BHCS). Neither Aiken nor Harbaugh were personally involved in Plaintiff's healthcare because neither Defendant provided patient care to inmates, neither Defendant has supervisory responsibilities to individuals who do provide health care, and neither Defendant makes determinations or recommendations regarding patient care. Aiken's only involvement was that she was the respondent to Plaintiff's Step II Grievance IBC 2016-05-1277-12D3. (Exhibit A, Affidavit of Subrina Aiken). Defendant Harbaugh's only involvement was that he was the Step III respondent to Plaintiff's grievance. (Exhibit B, Affidavit of Richard Harbaugh). Section 1983 liability may not be imposed simply because a respondent denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee*, 199 F.3d at 300.

4

Plaintiff has not made any factual allegations showing these Defendants' personal involvement in the complained-of acts. Defendants Aiken and Harbaugh did not engage in any active unconstitutional behavior. Plaintiff has failed to state a claim against Defendants Aiken and Harbaugh.  Because Plaintiff has failed to show personal involvement sufficient to impose liability under § 1983, Defendants Aiken and Harbaugh are entitled to dismissal.

## CONCLUSION AND RELIEF SOUGHT

Defendants Aiken and Harbaugh are entitled to summary judgment because Plaintiff has failed to make a clear showing of their personal involvement. Furthermore, both Defendants are entitled to Eleventh Amendment and qualified immunity.  Therefore, Defendants respectfully ask this Court to grant summary judgment in their favor.

Respectfully submitted,

Bill Schuette
Attorney General

*s/ Kristen D. Simmons (P76293)*
Assistant Attorney General
Attorney for MDOC Defendants
Civil Litigation, Employment
 & Elections Division
P.O. Box 30736
Lansing, MI  48909
(517) 373-6434
simmonsk5@michigan.gov
P76293

Dated:  July 11, 2018
Simmons\2017-0181477-A Morgan\Brf in Sup of MSJ

5